UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AZAR BARASOV,

                 Petitioner,

v.

UNKNOWN PARTY et al.,

                 Respondents.

_____/

Case No. 1:26-cv-1730

Honorable Hala Y. Jarbou

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

### Discussion

### I.    Procedural History

The habeas petition, originally filed in the United States District Court for the Eastern District of Michigan, challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.1.) Respondents filed their response on May 11, 2026, (ECF No. 6), along with a motion to transfer this matter to this Court (ECF No. 5). On May 27, 2026, Petitioner filed an amended § 2241 petition. (ECF No. 8.)[1] The following day, the Eastern

---

[1] The Court notes that the *pro se* Petitioner filed his May 27, 2026, amended § 2241 petition without first seeking leave of court. However, in deference to Petitioner's *pro se* status and in the

District Court granted Respondents' motion and transferred this case to this Court for further proceedings. (ECF No. 10.)

Because the pleadings and documents filed by the Parties indicated that, at the time that Petitioner filed his amended § 2241 petition, Petitioner had been detained for more than 6 months following the entry of the final order of removal, the Court ordered the Parties to provide the Court with a supplemental brief and any supporting documents concerning the likelihood of removal in the reasonably foreseeable future. (ECF No. 13.) On June 8, 2026, Respondents submitted their supplement to their response in opposition to Petitioner's petition for writ of habeas corpus. (ECF No. 14.)

## II.    Factual Background

Petitioner is a native and citizen of Azerbaijan. (Notice to Appear (NTA), ECF No. 6-2, PageID.40.) He entered the United States on or about March 15, 2024, without inspection. (*Id.*)

On April 2, 2025, ICE agents arrested Petitioner. (2025 Form I-213, ECF No. 6-4, PageID.46.) On November 13, 2025, the Cleveland Immigration Court issued an order denying Petitioner's application for asylum and withholding of removal and ordering Petitioner removed to Azerbaijan. (Immigration Judge Order, ECF No. 6-5, PageID.52.) Petitioner waived his right to appeal (*id.*, PageID.53), rendering Petitioner's order of removal final that day. 8 C.F.R. §§ 1003.3(a)(1).

On January 7, 2026, ICE completed a travel document request for Petitioner and submitted that request to the government of Azerbaijan. (Hect Decl. ¶ 15, ECF No. 14-1, PageID.13.) ICE contacted the Consulate of Azerbaijan on March 23, 2026, and April 1, 2026, to request

---

interest of justice, the Court will accept the amended § 2241 petition (ECF No. 8) and will treat it as the operative petition in this case.

information regarding the status of Petitioner's travel document but did not receive a response. (*Id.* ¶¶ 20–21, PageID.14.) ICE again contacted the Consulate of Azerbaijan on May 29, 2026, regarding Petitioner's travel document. (*Id.* ¶ 25, PageID.15.) On June 2, 2026, the government of Azerbaijan advised that a travel document would be issued shortly. (*Id.* ¶ 26.) ICE mailed the government of Azerbaijan requested additional information the following day. (*Id.* ¶ 27.)

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits Discussion

#### A.    Statutory Basis for Petitioner's Detention

Petitioner contends that he is being improperly subjected to unlawful and prolonged detention, in violation of the Immigration and Nationality Act (INA) and his Fifth Amendment rights. In response, Respondents argue that Petitioner's continued detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

The parties agree that because Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. Section 1231 of the INA provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a

period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A).

"During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[2] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final on April 21, 2025, and the 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of

---

[2] The Court notes that the Supreme Court has held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

time, which the Supreme Court concluded equaled a total of six months in detention. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[3] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

In this case, Petitioner has not provided the Court with "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* The record before the Court instead indicates that ICE has provided the government of Azerbaijan with all necessary information to obtain travel documents for Petitioner and that, on June 2, 2026, it confirmed that a travel document for Petitioner would be issued shortly. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: June 11, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.